---

## Case No. 9,509.

### In re METZ et al.

### [6 Ben. 571.] 1

District Court, S. D. New York.    July, 1873.

BANKRUPTCY — RENT OF PREMISES AFTER ADJUDI-CATION — INJUNCTION — DISPOSSESSION.

The firm of M., B. & C. hired premises in New York City, at a rent of $7,500 per annum, payable monthly. On the 1st of May, 1872, they owed $1,875 for the rent, and the landlord commenced proceedings to dispossess them. On the 6th of May a petition in involuntary bankruptcy against M., B. & C. was filed, and an injunction was issued restraining the debtors and all other persons from interfering with the debtors' property, which was served on the landlord. A warrant of dispossession was issued in those proceedings, but was not executed, and on the 20th of May a formal injunction was served on the landlord, ordering him to refrain from any interference with the property of the bankrupts, except to preserve the same. The marshal, on May 6th, took possession, under the warrant, of the bankrupts' stock of goods, on the premises in question. On May 22d, 1872, the landlord applied to the bankruptcy court for a modification of the injunction, so as to allow of the execution of the warrant of dispossession. The application was denied. No application was made to the court to order the removal of the goods from the premises, but the marshal was applied to to give up the premises, and also to pay rent, but he refused to do either. He remained in possession of the premises till December 13th, 1872. The landlord now applied to be paid rent of the premises at the rate of $7,500 for the whole period, stating that he had had an offer of that sum for the premises, for the unexpired term of the lease, and that the premises were worth that sum: *Held*, that the landlord was not entitled to claim rent at the rate of $7,500 for the period, but was entitled to a reasonable compensation for the use and occupation of the premises.

[Cited in Re Hamburger, Case No. 5,975; Re Lucius Hart Manuf'g Co., Id. 8,592; Re Ives, Id. 7,116.]

[In the matter of Joseph Metz and others, bankrupts.]

J. J. Marrin, for applicants.
W. F. Scott, for assignee.

BLATCHFORD, District Judge. On the 26th of December, 1871, the firm of Bailey & Debevoise leased to the bankrupts, who composed the firm of Metz, Brothers & Cleve, for the term of three years and one month from the 1st of January, 1872, for the yearly rent of $7,500, payable monthly, not in advance, the store and basement of the building numbers 353 and 355 Canal street, in the city of New York. Metz, Brothers & Cleve made only one of the monthly payments, and, on the 1st of May, 1872, owed the lessors, for rent, $1,875, which remains unpaid. Prior to May 6th, 1872, Bailey & Debevoise instituted proceedings, in a local court, to dispossess the bankrupts for the non-payment of such rent. On the 6th of May, 1872, a petition in involuntary bankruptcy was filed in this court against the bankrupts, and an order to show cause was on the same day issued thereon, returnable May 18th, 1872. This order contained a clause of injunction restraining the debtors and all other persons from disposing of the debtors' property and interfering therewith until the further order of the court. A copy of this order was served on Bailey & Debevoise, on the 17th of May, 1872. Prior to the 20th of May, 1872, a warrant had been issued, in the dispossession proceedings, to the proper officer, directing him to remove the bankrupts from the premises in question, but such warrant was not executed. On the 20th of May a formal injunction, issued by this court, and bearing date the 18th of May, and addressed to the debtors and to Bailey & Debevoise, and commanding them to refrain, until the further order of the court, from making any transfer or disposition of any of the property of the debtors, and from any interference therewith, except to preserve the same, was served on Bailey & Debevoise. The debtors had appeared on the return day of the order to show cause, and the matter was adjourned for a week.

Simultaneously with the issuing of the order to show cause, a provisional warrant was issued by the court to the marshal, under section 40, under which he, on the 6th of May, 1872, took possession of the stock of goods of the debtors, which was in and on the premises in question. He did not remove such stock of goods, but left it there.

On the 22d of May, 1872, Bailey & Debevoise presented a petition to this court, setting forth the lease and its terms, the indebtedness of $1,875 for rent, the institution of the dispossession proceedings, the issuing of

---

the warrant therein for the removal of the debtors from the premises, the institution of the bankruptcy proceedings, the issuing and the service, on Bailey & Debevoise, of the order of May 6th, 1872, containing the injunction clause before mentioned, and the service of the formal injunction, on the 20th of May. The prayer of such petition was, that the injunctions might be so modified or altered, that Bailey & Debevoise might be allowed to execute and enforce such warrant of removal. On this petition an order was asked that the petitioning creditor show cause why the prayer of the petition should not be granted.

Such petition of Bailey & Debevoise did not set forth that it was possible to remove the stock of goods from the premises, so as to give the enjoyment of the possession of the premises to Bailey & Debevoise, without injury to the stock of goods, nor did it ask this court to direct the marshal to remove the goods from the premises, with a view to allowing Bailey & Debevoise to obtain possession of the premises under the dispossession proceedings. The order and the injunction of this court in no manner restrained Bailey & Debevoise from executing the warrant of removal, except in so far as it restrained them from interfering with the property of the debtors. The removal of the goods, then in the custody of the marshal, on the premises, was necessary to the full enjoyment of the possession and use of the premises by Bailey & Debevoise. The occupation of the premises by the marshal was the occupation of them by this court. The debtors were not in the actual occupation of the premises, although, as between them and the lessors, having the technical legal possession of the premises. The prayer of the petition of Bailey & Debevoise was, that the injunction, which did not, in this regard, affect Bailey & Debevoise, except as it restrained them from interfering with the property of the debtors, might be so modified that they might execute such warrant of removal. This was, in effect, asking that they might interfere with the property of the debtors, in executing such warrant of removal, and might themselves, by means of such warrant, remove such goods from the premises. So far as a formal, technical removal of the debtors from the premises, personally, and as tenants in actual occupation under the lease, was to be effected by the execution of such warrant of removal, the injunction did not need to be modified. It needed to be modified only for the purpose of dispossessing the marshal and removing the stock of goods from the premises, so as to give back the actual use and occupation of the premises to Bailey & Debevoise. In this view, no sufficient reason was shown for modifying the injunction, as no sufficient reason was shown for directing the marshal to remove the goods and vacate the premises. Therefore, this court declined even to grant the order requiring the petitioning creditor to show cause, that was asked for on the petition of Bailey & Debevoise.

A landlord who lets premises to a tenant to be occupied for purposes of trade, must be held to do so with the full understanding that the tenant may be proceeded against in bankruptcy, and that the bankrupt court may be called upon to take possession of the goods of the tenant on the premises. In many cases, it will be impossible to remove the goods before a sale of them, without great loss and injury. In other cases, it will be impossible, because unjust to the debtor, to sell them before adjudication, and the adjudication may be delayed. Therefore, merely setting forth such facts as Bailey & Debevoise set forth in their petition, furnished no ground for directing the marshal to remove the goods and leave the premises.

The debtors were adjudicated bankrupts on the 7th of August, 1872. An assignee of their estate was appointed on the 23d of December, 1872. The goods remained on the premises, in the custody of the marshal, and the marshal remained in occupation of the premises, in custody of the goods, until the 13th of December, 1872, at which time Bailey & Debevoise obtained possession of the premises. Prior to that time they made to this court only the one application before mentioned. They now apply to be paid, out of the assets of the estate, the sum of $4,520.81, as rent of the premises from the 6th of May, 1872, to the 13th of December, 1872, at the rate specified in the lease, $7,500 per annum.

Bailey & Debevoise show that while the marshal was in possession they applied to him to give up the possession to them, and also applied to him for rent, but that he did not comply with either request. But they made no application to this court after the adjudication. They also now state that while the marshal was in occupation they received an offer for the hiring of the premises for the remainder of the term under the lease to the bankrupts, at the rent of $7,500 per annum, and that that was a fair and proper rent for the premises. But they never made known to the court their ability to rent the premises for that sum, or laid before the court such a state of facts as would have enabled the court to determine with propriety, in advance, that rent at that rate ought to be paid in preference to removing the goods elsewhere. Nor do they now show that it was necessary for the goods to remain on the premises, at such an expensive rent. Certainly, there is nothing to warrant the presumption that the court would have sanctioned, in advance, so large a rent.

Before adjudication, the debtors were entitled to be heard on the question of removing their goods from the premises, or of selling them on the premises, with a view to giving up the premises. And it may very well be that an application made to this court in May, 1872, to direct the marshal to remove the goods from the premises, or to sell them

on the premises, made on notice to the debtors, as well as to the petitioning creditor, would have been granted, if it had appeared that the alternative would have been the rent now asked, or, if denied, would have been denied on the full understanding that the sum to be paid for the occupation of the premises by the marshal, was to be at the rate of $7,500 per annum. Bailey & Debevoise were themselves general creditors for their $1,875 of unpaid rent, and in a position to make such an application.

But, most clearly, after the adjudication, it was the duty of Bailey & Debevoise to have asked the court to sanction the rate of rent they now ask, or to give up the premises. It was not enough for them to ask possession or rent from the marshal. He was the officer of the court, acting under the warrant. It cannot be presumed, and there is nothing to show, that, if a proper application had been made to the court, the court would not, at an earlier day, have ordered the marshal to remove the goods and leave the premises. The application that was made, was made four days after the return day of the order to show cause, the hearing on such order having been adjourned for a week, and fell far short of to remove the marshal and the goods; and the making of such application can carry with it no implication of any right in the applicants thereafter to receive rent at the rate of $7,500 per annum, so long as the marshal should remain on the premises.

But, the applicants are entitled to receive a reasonable compensation for the use and occupation of the premises, based upon the considerations hereinbefore set forth, and any others properly bearing on the question. The assignee is directed to make a formal answer to the petition, setting forth such facts and positions as he may deem proper for the protection of the estate, and the matter may then be brought before the court, on notice, for further action.